# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DURRAH, JR., | ) Case No. EDCV 09-01753-DTB |
| Plaintiff, | ) |
| vs. | ) ORDER AFFIRMING DECISION OF<br>) COMMISSIONER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff filed a Complaint ("Complaint") on September 28, 2009, seeking review of the Commissioner's denial of his application for Disability Insurance Benefits and Supplemental Security Income. In accordance with the Magistrate Judge's Case Management Order, the parties filed a Joint Stipulation on July 20, 2010. Thus, this matter now is ready for decision.[1]

/ / /

/ / /

---

[1] As the parties were advised in the Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt. Stip.") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue here is as follows:

Whether the Administrative Law Judge ("ALJ") properly addressed the testimony of the vocational expert ("VE") that deviated from the Dictionary of Occupational Titles ("DOT") and provided a reasonable explanation for that deviation. (Jt. Stip. 2.)

**DISCUSSION**

**<u>Reversal is not warranted based on the ALJ's determination that plaintiff can perform the jobs of toll collector and boat rental clerk.</u>**

The ALJ determined that plaintiff has a residual functional capacity ("RFC") for light work, with the notable exceptions that he cannot use his left upper extremity and must avoid climbing, balancing, or working at unprotected heights. (AR 55.) During the administrative hearing, the ALJ posed a hypothetical question to the VE about a person's ability to work with these limitations, and the VE responded that such a person could perform the jobs of toll collector and boat-rental clerk. (AR 39-40.) The ALJ pointed out that the worker was "unable to use the left arm," and the VE affirmed that he "could still collect the money and tickets with the right hand." (AR 39.) Moreover, the ALJ asked the VE whether her testimony was consistent with the DOT, and the VE responded affirmatively. (AR 43.) Consequently, based on the VE's testimony, the ALJ concluded that plaintiff could perform the jobs of toll collector and boat rental clerk and was, therefore, not disabled. (AR59.)

Plaintiff asserts that the ALJ's determination was erroneous because the VE: (a) Overstated the number of available toll collector jobs in the national economy because many of those jobs are now automated; (b) did not account for the fact that roadway tolls are collected with the left hand; and (c) failed to explain how plaintiff could perform all the duties of the boat-rental clerk job, such as assisting customers into boats, which requires balancing, use of two hands, or work at unprotected

heights. (Jt. Stip. 3-4.) None of these asserted errors warrants setting aside the Commissioner's decision.

As an initial matter, plaintiff's comment about possible erosion of the number of toll collector jobs because of automation does not demonstrate error. Where, as in this case, a claimant cannot perform any past relevant work, the burden of proof shifts to the Commissioner to identify specific jobs existing in substantial numbers in the national economy that the claimant can perform despite his identified limitations. Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995). "[W]ork which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country. 42 U.S.C.A. § 423(d)(2)(A). Although the Ninth Circuit has not clearly established the minimum number of jobs necessary to constitute a "significant number," collected cases indicate that the threshold was easily passed here. See Barker v. Sec. of Health and Human Servs., 882 F.2d 1474, 1478-79 (9th Cir. 1989) (noting cases finding as few as 500 jobs to comprise a significant number and finding 1,266 local jobs to be sufficient); see also Moncada v. Chater, 60 F.3d 521, 524 (9th Cir. 1995) (finding 2,300 local jobs and 64,000 national jobs to constitute significant numbers); Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (finding 1,000 to 1,500 jobs to constitute a significant number). In this case, the VE testified that for the toll collector position, there were 3,500,000 jobs nationally and 30,533 jobs locally, and that for the boat-rental clerk position, there were 477,000 jobs nationally and 1,433 jobs locally. (AR 39-40.) Even assuming, without deciding, that the number of jobs for the toll collector position cited by the VE may be somewhat eroded in light of plaintiff's observations about that occupation, the remaining number of jobs in either occupation constituted a significant number.

Plaintiff's primary argument in the Complaint, however, is that the ALJ's acceptance of the VE's testimony that a person with plaintiff's limitations – particularly his inability to use his left arm, perform balancing, or work at unprotected

3

heights – could work as a toll collector or boat-rental clerk created an unresolved conflict with the DOT. With respect to this type of claim, the Ninth Circuit has held that an ALJ may not rely on a VE's testimony without first inquiring whether the testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007). Neither the DOT nor the testimony of the VE "automatically 'trumps' when there is a conflict." Id. at 1153 (quoting SSR 00-4p). Accordingly, the ALJ must first determine whether a conflict exists. Id. If it does, the ALJ "must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the Dictionary of Occupational Titles." Id. In plaintiff's case, it is undisputed that, consistent with the initial requirement of Massachi, the ALJ inquired of the VE whether her testimony was consistent with the DOT, and the VE responded affirmatively. (AR 43.) At issue is whether there was nonetheless an apparent conflict and, if so, whether there was a reasonable explanation for it that permitted reliance on the VE's testimony.

With respect to the toll collector position, plaintiff's argument that his inability to use his left arm created a conflict with the DOT description for that job does not have merit. In pertinent part, the DOT description for the toll collector job provides that the worker must be capable of frequent reaching, frequent handling, and occasional fingering.[2] DOT 211.462-038. More specifically, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO") provides that reaching involves "[e]xtending hand(s) and arm(s) in any direction"; handling involves "[s]eizing, holding, grasping, turning, or otherwise working with hand or hands"; and fingering involves "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm as in handling." SCO, Appendix C. Several other courts have interpreted such provisions as permitting the performance of these functions despite limited or no use

---

[2] According to the DOT, an activity is "frequent" if it exists one-third to two-thirds of the time, and it is "occasional" if it exists up to one-third of the time.

4

of one arm. See Carey v. Apfel, 230 F.3d 131, 146 (5th Cir. 2000) (finding no actual conflict between VE's testimony and DOT requirements of handling and fingering for cashier and ticket seller jobs where claimant had amputated arm); Pires v. Astrue, 553 F. Supp. 2d 15, 21, 26 (D. Mass. 2008) (finding no conflict between VE's testimony and DOT requirement of frequent reaching, frequent handling, and occasional fingering for ticket taker job where claimant had limited use of dominant arm); Diehl v. Barnhart, 357 F. Supp. 2d 804, 822 (E.D. Pa. 2005) (finding no material conflict between VE's testimony and DOT requirements of reaching, handling, or fingering for selected jobs where claimant was generally limited to use of one arm); McConnell v. Astrue, 2010 WL 1946728 at 7 (C.D. Cal. 2010) (rejecting argument that DOT expressly requires performance of reaching, handling, and fingering with both hands); Feibusch v. Astrue, 2008 WL 583554 at 5 (D. Haw. 2008) (finding DOT and SCO permit performance of frequent reaching, frequent handling, and occasional fingering for ticket taker job despite claimant's limitation to use of non-dominant arm). The Court agrees with these decisions and finds no apparent conflict between the VE's testimony and the DOT description for the toll collector position despite plaintiff's limitation to use of only his right arm.

To the extent that plaintiff asserts that this is an unusual case because the toll collector position necessarily requires use of the left arm (in order to collect tolls from motorists' driver's side windows), this assertion does not demonstrate a potential conflict. The DOT description of the toll collector job does not include any explicit requirement that a worker must use his left arm in order to collect tolls from the driver's side window. See DOT 211.462-038. Nor is the position limited to collection of tolls from motorists: A toll collector alternatively may accept fares from ferryboat passengers, admit turnstile passengers, and collect turnstile fares, with either arm. See id. Moreover, the VE specifically testified that a person with plaintiff's limitations "could still collect the money and tickets with the right hand." (AR 39.) There is no compelling evidence that the VE overlooked or ignored a

potential conflict by so testifying. Under these circumstances, the ALJ satisfied his obligations under Massachi by eliciting affirmation from the VE that there was no conflict between her testimony and the DOT description of this position and accordingly, properly relied on her testimony.

Because the ALJ's conclusion that plaintiff could perform the occupation of toll collector was sufficient to satisfy the Commissioner's obligation to identify work existing in significant numbers in the economy that plaintiff could perform despite his identified limitations, it is not necessary to determine whether there was any error as to the ALJ's determination regarding the other occupation of boat-rental clerk. See Meissl v. Barnhart, 403 F. Supp. 2d 981, 982 n. 1 (C.D. Cal. 2005) ("[T]he focus is on the number of jobs available, not the number of occupations." (citing 42 U.S.C. § 423(d)(2)(A)).) Even so, plaintiff's similar assertions about the boat-rental clerk occupation are without merit. Plaintiff's premise that this job requires balancing, use of both hands, and working at unprotected heights, contrary to his identified limitations from doing such activities, is not supported by the DOT. The relevant description expressly provides that neither balancing nor work at high exposed places is required to perform the job of boat-rental clerk. See DOT 295.467-014. Moreover, nothing in that description requires an interpretation that activities requiring the upper extremities, such as reaching, handling, and fingering, must involve both arms, as discussed above. Accordingly, the ALJ's reliance on the VE's testimony to conclude that plaintiff could perform this occupation was not erroneous.

**ORDER**

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED: May 13, 2011

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE